UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
DETROIT DIVISION

In the matter of:

NEWELL, RAYMOND and
TENPENNEY, MARIELAYNE

Case No.: 13-53406
Chapter 7
Hon. Phillip J. Shefferly

Debtor(s).
_____/

ORDER GRANTING TRUSTEE'S APPLICATION FOR AUTHORITY TO SELL
CERTAIN PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES
AND OTHER INTERESTS AT AUCTION SALE; AND TRANSFER LIENS,
CLAIMS, ENCUMBRANCES AND OTHER INTERESTS TO PROCEEDS OF SALE
AND FOR APPROVAL OF BROKERAGE FEES AND COSTS

This matter having come before the Court upon the Trustee's Application for Authority to Sell Property Free and Clear of Liens, Claims, Encumbrances and Other Interests at Auction Sale; and Transfer Liens, Claims, Encumbrances and Other Interests to Proceeds of Sale (the "Application"), and Opportunity to Respond to the Application having been given pursuant to LBR 6004-1 (EDM) to all creditors and other parties-in-interest, one objection having been filed by Wells Fargo N.A. which was withdrawn, the Court being otherwise duly advised in the premises and having made the following findings:

FOUND, that this Court has jurisdiction to hear and determine the Application pursuant to 28 U.S.C. 1334(b) and that this matter is a core proceeding under 28 U.S.C. 157(b)(2)(A), (M) and (O);

FOUND, that proper, timely, adequate and sufficient notice of the Application has been provided to creditors and parties-in-interest in accordance with all applicable Bankruptcy Rules and Local Rules of the Bankruptcy Court for the Eastern District of Michigan,

including the Federal Rules of Bankruptcy Procedure 2002, 6004 and 6006 and L.B.R. 6004-1 (E.D.M.);

FOUND, that a reasonable opportunity to object and to be heard regarding the requested relief has been afforded to all interested persons and entities;

FOUND, that no other or further notice of the Application, the hearing or the entry of this Order is necessary;

FOUND, that the Application was duly and properly served on all required persons and entities including all parties claiming any interest in the Property as that term is defined in the Application;

FOUND, that the total consideration to be realized by the Trustee from the purchaser or their assigns, (purchaser) pursuant to the sale proposed in the Order is fair and reasonable and the transactions contemplated therein are in the best interests of the Estate; and the Court being otherwise fully informed in the premises; now therefore,

IT IS HEREBY ORDERED that the above findings are incorporated by reference into this order and that the Application is approved and granted in all respects, and the Trustee is authorized to sell the Property, free and clear of any liens, claims, encumbrances and other interests pursuant to the terms set forth in the Application, as described in the Application or any Exhibit to be attached to this Order, if any, after it is approved, 2625 N. Lima Center Road, Dexter, MI. 48130 (Property) to Purchaser(s), James and Jessica Hall in the amount of $161,111.

A copy of any legal description, if appropriate for recording purposes, may be attached to this Order after entry.

IT IS FURTHER ORDERED that all liens, claims and encumbrances in the Property shall be transferred to the proceeds of the sale with the same validity and priority as to the proceeds as they had with respect to the Property, subject to the avoidance powers of the Trustee and further order of the Court;

IT IS FURTHER ORDERED that the Trustee shall perform any and all acts necessary to carry out the terms of the transaction contemplated in the Offer, the Application and this Order;

IT IS FURTHER ORDERED that the Trustee is authorized and is directed to prepare, execute and deliver any and all documents and instruments necessary to effectuate the transaction contemplated in the Offer, and to undertake any and all actions which are necessary in accordance with the Application and this Order;

IT IS FURTHER ORDERED that each and every federal, state and local governmental agency or department is hereby directed to accept and process any and all documents and instruments necessary and appropriate to consummate the transaction contemplated in the Offer, the Application and this Order;

IT IS FURTHER ORDERED that the provisions of this Order shall be self executing and neither the Trustee nor any purchaser of the Property shall be required to execute or file discharges, termination statements, assignments, consents or other instruments in order to effectuate, consummate or implement the foregoing provisions hereof; provided,

however, that this paragraph shall not excuse either party from performing any and all of their respective obligations under the transaction contemplated in the Offer, the Application or this Order, or from executing and delivering such documents as are reasonably requested by the other to effectuate the transaction contemplated in the Offer, the Application or this Order;

IT IS FURTHER ORDERED that this Court shall retain jurisdiction to resolve all contractual disputes between the purchaser and the Trustee arising out of the transaction contemplated in the Offer and the Application, and to enforce the terms of this Order;

IT IS FURTHER ORDERED that the property is sold "where is", "as is" and without representations or warranties of any kind.

IT IS FURTHER ORDERED that under 11 USC §363(f), and subject to the requirements for proofs of claims, any lien holder besides the first in priority lien holder, and any junior lien holder, including but not limited to, PNC Bank, N.A. may not assert a secured claim to the sale proceeds of the Property, but will instead have only an unsecured claim for any amounts owing to them.

IT IS FURTHER ORDERED the 14 day stay provided for in F. R. Bankr. P. 6004(h) will have no effect with respect to the sale, this Order of Sale will be effective and enforceable immediately upon entry.

IT IS FURTHER ORDERED that the purchaser is a good faith purchaser for purposes of 11 USC §363 (m).

IT IS FURTHER ORDERED that the trustee's broker's fees of Dunlap & Associates are approved and it will be paid its commission at closing of 6%.

.

**Signed on April 24, 2014**

                                            **/s/ Phillip J. Shefferly**
                                            **Phillip J. Shefferly**
                                            **United States Bankruptcy Judge**